IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RAY ARTES ROSE, | ) | Case No. 05-52190 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION DENYING MOTION TO REOPEN CASE**

This matter came before the Court for hearing on February 15, 2006 upon a Motion to Reopen, Motion to Have Dismissal Vacated, and Motion for Estoppel of Foreclosed Sale of Property, filed by Ray Artes Rose (the "Debtor") and his wife, Tangelia H. Rose ("Ms. Rose"), on January 27, 2006, and a Motion of Objection, Motion to Have Dismissal Vacated, and Motion for Estoppel of Foreclosed Sale of Property (collectively, the "Motion to Reopen Case"), filed by the Debtor and Ms. Rose on February 9, 2006.  Gail C. Arneke, the Debtor's former counsel, appeared at the hearing but did not represent the Debtor or Ms. Rose.  The debtor and Ms. Rose appeared pro se at the hearing.  Jeffery B. Watson appeared on behalf of Piedmont Aviation Credit Union ("PACU").  Kathryn L. Bringle appeared in her capacity as the Chapter 13 Trustee.

Based upon a review of the Motion to Reopen Case, the arguments and evidence presented at the hearing, and a review of the entire official file, the Court makes the following findings of fact and conclusions of law.

## FACTS

1. On July 18, 2005, the Debtor filed a Chapter 13 proceeding in this Court.

2. On October 25, 2005, the Chapter 13 Trustee filed a Motion to Dismiss the Case

based upon the Debtor's failure to make chapter 13 plan payments for the months of September and October, 2005.

3. On October 26, 2005, the Court entered an Order granting the Trustee's Motion to Dismiss the Case (the "Dismissal Order").

4. On January 11, 2006, the Chapter 13 case was closed.

5. On January 27, 2006, the Debtor and Ms. Rose filed the Motion to Reopen Case.[1]

## ANALYSIS

Pursuant to Section 350(b) of the Bankruptcy Code, a case may be reopened to administer assets, to accord relief to the debtor, or for other cause. Bankruptcy Rule 5010 states that a case may be reopened on a motion of the debtor or other party in interest pursuant to Section 350(b). "While the Code does not define 'other cause,' the decision to reopen or not is discretionary with the court, which may consider numerous factors including equitable concerns, and ought to emphasize substance over technical considerations." In re Flores, 271 B.R. 213, 216 (10th Cir. BAP 2001).

Courts typically look to three factors when determining whether to reopen a closed case: (1) the benefit to the debtor; (2) the prejudice to opposing parties; and (3) the benefits to creditors. See, e.g., In re Phelps, 329 B.R. 904, 907 (Bankr. M.D. Ga. 2005); In re Rochester, 308 B.R. 596, 598 (Bankr. N.D. Ga. 2004).

At the hearing, the Debtor stated that he wanted to reopen the case because various mortgage lenders, including PACU, had allegedly committed fraud against him regarding the

---

[1] The case filed on July 18, 2005 was filed by the Debtor, Ray Artes Rose. However, the Debtor's wife, Tangelina H. Rose, filed the Motion to Reopen Case along with the Debtor. At the February 15, 2006 hearing, the Debtor made some statements on his own behalf, but Ms. Rose primarily spoke on behalf of the Debtor. The Court will refer to arguments made by Ms. Rose as arguments of the Debtor for purposes of this Order.

mortgage loan on the house that he and Ms. Rose had jointly owned until their ownership was extinguished by a recent foreclosure.  In addition to the extensive testimony of Ms. Rose, the Debtor submitted over a hundred pages of documents in support of his contentions.  The Debtor's arguments appear frivolous; however, this Court does not need to reach a conclusion on the merits of the Debtor's argument.[2]

This matter is before the Court on a Motion to Reopen Case.  The Debtor has not met his burden to demonstrate "cause" to reopen his case.  The Debtor presented no evidence of his ability to make his chapter 13 plan payments, and the Court must conclude that he is still unable to pay.  The Court can discern no purpose that would be served by reopening the case and no benefit that wold be conferred upon any party, including the Debtor.  Even if the Debtor's arguments are accepted as true, the Debtor's house has been foreclosed upon, and the foreclosure sale has been completed.  Any recourse against the foreclosing creditor would need to be addressed by a lawsuit against the foreclosing creditor, among others, and even if such an action was successful, it may or may not result in the recovery of the Debtor's house.  Reopening the case would prejudice creditors and the Chapter 13 Trustee.

The Debtor has failed to meet the standards of Section 350(b).  The Motion to Reopen Case is hereby denied.

At the hearing, both the Debtor and PACU requested payment of their attorneys' fees by the other party.  The Debtor appeared pro se and thus incurred no attorney's fees.  PACU shall bear the cost of their own attorneys' fees.  Both requests are denied.

---

[2] The Debtor argued that signatures were forged on documents to collateralize two vehicle loans, that specific creditors never held perfected, senior security interests on the house, and that an illegal "1031 Exchange" had occurred.  The evidence presented at the hearing, including the documents introduced into evidence without objection, fails to support the Debtor's arguments.

This memorandum opinion constitutes the Courts' findings of fact and conclusions of law.  A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RAY ARTES ROSE, ) | Case No. 05-52190 |
| ) | |
|     Debtor. ) | |
| _____) | |

**PARTIES IN INTEREST**

Ray Artes Rose

Jeffrey B. Watson, Esquire

Kathryn L. Bringle, Esquire